UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHAD ERIC BRYANT,<br>    Plaintiff,<br>   v.<br><br>MIGUEL GOMEZ, *et al.*,<br>    Defendants.<br>_____/ | Case No. 22-12169<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION TO DISMISS DEFENDANT NICHOLAS BROWN

**I.    DISCUSSION**

Plaintiff Chad Eric Bryant, proceeding *in forma pauperis*, filed this prisoner civil rights suit on September 13, 2022. (ECF No. 1). He has counsel representing him. During October 2022, summons was issued for Defendant Nicholas Brown. (ECF No. 18). Brown was not served. On January 3, 2023, the Court ordered Plaintiff to show cause why Brown should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve him within 90 days after the complaint was filed. The deadline for the show cause response was January 17, 2023.

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect

timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

To date, Plaintiff has not responded to the Order to Show Cause or served Brown with the summons and complaint. Thus Brown remains unserved. The undersigned therefore recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) against Nicholas Brown. *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."); *see also Price v. Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (pro se prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service").

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Nicholas Brown be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 6, 2023.                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge