# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHAD ERIC BRYANT,

    Plaintiff,

v.

    Case No. 22-12169
    Hon. Denise Page Hood

MIGUEL GOMEZ, et al,

    Defendant(s).

_____/

## ORDER ACCEPTING AND ADOPTING SEPTEMBER 12, 2024, REPORT AND RECOMMENDATION

**I.**    **INTRODUCTION**

Before the Court is a Report and Recommendation [ECF No. 71] filed on September 12, 2024, by Magistrate Judge Curtis Ivy, Jr. Plaintiff, Chad Eric Bryant, has raised four Objections to the Report and Recommendation. See [ECF No. 72]. Defendants have filed a Response in support of the recommendation made by the Magistrate Judge. See [ECF No. 73]. For the reasons stated herein, the Court Accepts and Adopts the September 12, 2024, Report and Recommendation of Magistrate Judge Ivy.

**II.**    **BACKGROUND**

This case is a putative class action concerning a strip search conducted on 32 male inmates in S Pod of the Saginaw County Jail on July 24-25, 2022. By all

accounts, the strip searches were conducted in the attorney conference rooms which are furnished with closed circuit television cameras ("CCTV") providing video footage to several screens throughout the facility. Plaintiff contends that the strip searches were viewable throughout the jail by female staff members and other inmates, preserved for a short time on computer servers, and unconstitutional. Plaintiff lodges four counts against Defendants, including: (1) Section 1983 Claim against Defendant Board of Commissioners of Saginaw County and sheriff William Fenderspiel; (2) Monell Claim against the Board of Commissioners of Saginaw County and Sheriff William Fenderspiel; (3) 42 U.S.C.[1] Claim against Defendants Gomez, Rosco, Villaneura, Brown, Temple, King, Moultone, and Barron; (4) Nuisance. [ECF No. 25].

Plaintiff moves to certify the class. [ECF No. 58]. Plaintiff proposes that the class action would consist of two class: (1) the 32 male inmates strip searched in the conference rooms on July 24-25 under surveillance cameras connected to the CCTV system which transmitted images of the searches to video monitors that were viewed by female corrections officers and preserved to computer servers, and (2) male inmates who were strip-searched in the same rooms under surveillance cameras "on other dates." Defendants argue that Plaintiff's proposed subclass 1 is an improper

---

[1] Plaintiff fails to acknowledge which section of the statute the alleged violations fall under. See [ECF No. 25, PageID.97].

"fail-safe" class, that Plaintiff cannot satisfy the prerequisites for Class Certification under Federal Rule of Civil Procedure 23(a) and (b), and the Prison Litigation Reform Act excludes any putative class member who was incarcerated on the date the Complaint was filed. [ECF No. 60].

The Magistrate Judge found that subclass 1 is not an improper fail-safe class. [ECF No. 71, PageID.1747]. However, the Magistrate Judge recommends that this Court deny Plaintiff's motion to certify the class action because the class definitions fail the ascertainability requirement [ECF No. 71, PageID.1752] and Plaintiff failed to meet the class certification requirements of Rule 23(a), more specifically, numerosity and commonality. [ECF No. 71, PageID.1753-58]. The Magistrate Judge further found that Plaintiff failed to meet the predominance test in Rule 23(b)(3). *Id*. at PageID.1759.

Plaintiff lodges four (4) objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erred in finding that the first class was not capable of ascertainability; (2) the Magistrate Judge erred in finding that the first class was not sufficiently numerous; (3) the Magistrate Judge erred in finding that Plaintiff's claim of a constitutional violation was not typical of the entire first class; and (4) the Magistrate Judge erred in finding that questions of law and fact did not predominate over questions affecting only individual members. [ECF No. 72].

### III. ANALYSIS

The standard of review by the district court when analyzing a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). Further, the Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**A. Objection No. 1**

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff's first putative class is not capable of ascertainability. [ECF No. 72, PageID.1765]. In our circuit, the ascertainability inquiry is guided by *Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532 (6th Cir.2012)." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir. 2015). In *Young*, the Sixth Circuit noted that for a class to be

sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria. *Young*, 693 F.3d at 538. Plaintiff proposes that subclass 1 be defined as:

> "32 male inmates of S Pod of the Saginaw County Jail who, on July 24-25, were strip searched in attorney conference rooms, Room 3018 and 3022, under surveillance cameras connected to the jail CCTV system which transmitted images of the searches to video monitors that were viewed by female corrections officers and preserved to computer servers."

The Magistrate Judge found that while it would be simple to question each of the 32 inmates about their strip search and whether they believed that female staff watched the video feed or later watched the recorded video, the inmates' belief would have to hinge on the words of other inmates or individual speculation. [ECF No. 72, PageID.1751].

Plaintiff argues that he "produced the census of S Pod for the evening of July 24-25, which confirms the identity of the 32 male inmates who would be members of the first class." *Id*. at PageID.1766. Plaintiff further argues that he produced testimony that the strip search involved all inmates of S Pod, that they took place in the attorney conference rooms, were captured by the CCTV and displayed in the third-floor control room while female officers were present. *Id*. Plaintiff contends that the Magistrate Judge erred by failing to treat the S Pod census as objective proof which definitively establishes membership in subclass 1. *Id*. at PageID.1767.

5

Mere presence in S Pod on the date in question does not objectively establish class membership. To determine class membership, the Court would have to determine whether each putative class member was subjected to a videotaped strip search and whether it was viewed or viewable by other inmates and/or female staff members. The Magistrate Judge did not err in finding that ascertainability of subclass 1 is "thorny" because membership hinges on the subjective belief of putative class members who have an interest in the success of this matter. Therefore, Objection No. 1 is OVERRULED.

**B. Objection No. 2**

Plaintiff further objects to the Magistrate Judge's finding that the first class is not sufficiently numerous. [ECF No. 72, PageID.1768]. Rule 23(a)(1) requires that "the class be so numerous that joinder of all members is impracticable." Plaintiff is concerned that in reaching its conclusion, the Magistrate Judge "improperly analyzed the practicability of joinder of the proposed class members and failed to appreciate other relevant considerations, such as the financial resources of the putative class members and judicial economy, both of which argue in favor of numerosity." *Id*.

Plaintiff's only argument for impracticability was "[j]oinder is impracticable: Defense counsel has refused to provide addresses for those detainees who have not signed an attorney fee agreement." [ECF No. 58, PageID.841]. Plaintiff failed to cite

6

any case law supporting a finding of impracticability based on such an argument and it is not the responsibility of the court to support Plaintiff's argument for him. "The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Plaintiff argues for the first time in his objections that the Magistrate Judge should have considered the financial resources of the putative class members, an analysis which is speculative at best.

The Magistrate Judge correctly concluded that the Defendants' failure to divulge addresses at this early stage is not grounds to create a class action lawsuit and joining 31 plaintiffs would not make the lawsuit too large. [ECF No. 71, PageID.1753]. The Court agrees that Plaintiff has the means of obtaining addresses of other inmates through discovery or otherwise. The Magistrate Judge's reliance on *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 921 (6 Cir. 2009) is not erroneous. Though the proposed class members may only be residents in S Pod for a short period, unlike the putative plaintiffs in *Turnage* who were homeowners in close geographic proximity, the inmates in S Pod were documented and contact information is readily available through discovery or other means. Such information cuts against the impracticability of joinder. Plaintiff's second objection is OVERRULED.

**C. Objection No. 3**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's claim of a constitutional violation was not typical of the entire first class.[2] [ECF No. 72, PageID.1770]. Plaintiff contends that the Magistrate Judge "confuses the two proposed classes and conflates the analysis before recommending denial of certification." *Id*. The Magistrate Judge found that there is no common question of importance to the litigation that can be resolved in one stroke for all class members. *Id*. at PageID.1756.

There is commonality if the class members suffered the same injury. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Plaintiffs must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that that common answer relates to the actual theory of liability in the case." *Rikos*, 799 F.3d at 505.

Plaintiff states the following in support of commonality:

The strip searches of July 24-25, all involve the same constitutional issues:

    (1) The conduct of the strip searches in attorney conference rooms equipped with video cameras;

---

[2] The Report reflects that the Magistrate Judge did not analyze the typicality requirement because he found that the claims at bar lack commonality. [ECF No. 71, PageID.1757]. The Court is not required to analyze typicality where it "finds a clear failure of proof on the issue of commonality." *Salem v. Michigan Dep't of Corr.*, No. 13-CV-14567, 2019 WL 4409709, at *7 (E.D. Mich. Sept. 16, 2019)

(2) Video recording of strip searches and their viewing by female staff corrections officers and other inmates;

(3) The preservation of these images on the computer server; and

(4) The failure to comply with the documentation requirements of Policy 515 are common to all class members.

[ECF No. 58, PageID.842]. Plaintiff contends that the Magistrate Judge's reliance on *Salem v. Michigan Dep't of Corr.*, 2019 WL 4409709 (Sept. 16, 2019) was improper because the facts in Salem are "entirely distinguishable from the present case." [ECF No. 72, PageID.1770]. The Court disagrees. As the Magistrate Judge explained, "Defendants' liability as to each search, for both putative classes, will require individualized proof on whether each search was conducted on camera, and if so, whether female staff (or other inmates) watched the video feed[.]" [ECF No. 71, PageID.1757]. Plaintiff alleges that the strip searches may have been viewed by different female staff members and potentially by inmates on different occasions. Whether or not the viewing of the searches by female staff was constitutional depends on when and where the videos were viewed. Neither this Court, nor the Magistrate Judge would be able to resolve the question of constitutionality in one stroke.

Plaintiff failed to provide adequate arguments as to commonality, therefore, the Magistrate Judge did not err in finding that commonality does not exist, here. Plaintiff's third objection is OVERRULED.

9

### D. Objection No. 4

Plaintiff objects to the Magistrate Judge's finding that questions of law and fact did not predominate over questions affecting only individual members. [ECF No. 72, PageID.1771]. FRCP 23(b)(3) states that a class action may be maintained if Rule 23(a) is satisfied and if "the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance inquiry is similar to, though 'more stringent' than, Rule 23(a)(2)'s commonality requirement, with the former (i.e., predominance) said to 'subsume[ ]' or 'supersede[ ]' the latter (i.e., commonality)." *Cooper v. NeilMed Pharms., Inc.*, 342 F.R.D. 240, 243 (S.D. Ohio 2022) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 609 (1997)).

The Magistrate Judge determined that the issues presented putative class claims are individual. [ECF No. 71, PageID.1759]. The Magistrate Judge reasoned that even if Plaintiff can prove that his strip search was recorded on video and that a female officer or another inmate watched the video live from the control room or later from the server, it does not mean that each class member would be able to show the same level of intrusiveness. *Id*. The Court agrees.

Plaintiff argues that in assessing predominance, the Magistrate Judge should have analyzed the scope, manner and location of the search the justification for initiating the search and the degree which it invaded the prisoners' right to privacy. [ECF No. 72, PageID.1772]. Plaintiff hinges this argument on *Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560 (6th Cir. 2013). *Id*. Plaintiff argues that in concluding that "the law and facts are 'individual,' rather than common claims, the Report erroneously narrowed the analysis to one element, the presence of female officers, and failed to consider other factors governing reasonableness, such as scope, manner and location as well as the penological reason for the search in assessing predominance." *Id*.

Plaintiff's argument is misplaced. The standard upon which Plaintiff hinges his objection relates to an appeal by a defendant who was not granted qualified immunity. See *Stoudemire*, 705 F.3d at 571 ("Dunagan appeals the district court's denial of qualified immunity in regard to Stoudemire's § 1983 claim relating to the 2007 strip search…On appeal, Dunagan argues that Stoudemire has failed to 'show that there is clearly established law prohibiting the conduct in question,' emphasizing that Stoudemire has presented no case holding that a same-sex strip search of a prisoner was unlawful."). The Magistrate Judge correctly evaluated the substantive issues that could control the outcome, i.e. how a trial on the merits would be conducted if a class were certified. See S*andusky Wellness Ctr., LLC v. ASD Specialty*

*Healthcare, Inc.*, 863 F.3d 460, 468 (6th Cir. 2017). Plaintiff's fourth Objection is OVERRULED.

### IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Objections to Magistrate Judge's Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that Magistrate Judge Curtis Ivy, Jr.'s September 12, 2024, Report and Recommendation [ECF No. 71] is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Class Action [ECF No. 58] is DENIED.

SO ORDERED.

/s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on March 31, 2025, by electronic and/or ordinary mail.